Ryosuke Togi (SBN 343851)
KANAME PARTNERS US, P.C.
41 Corporate Park, Suite 260
Irvine, CA 92606
Phone & Fax: (949) 404-5515
Email: rtogi@kanamelaw.us

Attorney for Applicant Okinawa Institute of Science and Technology School Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF OKINAWA INSTITUTE OF SCIENCE AND TECHNOLOGY SCHOOL CORPORATION,<br><br>APPLICANT | Case No.: 3:26-mc-80077<br><br>**APPLICANT'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Hearing Date: ____________<br>Hearing Time: ____________<br>Department: ____________<br>Honorable: ____________ |

Okinawa Institute of Science and Technology School Corporation ("**Applicant**"), by and through its counsel, submits this memorandum of law in support of the *Ex Parte* Application for an Order, pursuant to 28 U.S.C. § 1782, ("**Application**") for international judicial assistance to obtain a statement from A Medium Corporation ("**Medium Corp.**").

## I. INTRODUCTION

Applicant is an educational institution incorporated under the laws of Japan and seeks limited discovery pursuant to 28 U.S.C. § 1782 to obtain information necessary to identify anonymous individuals ("**Anonymous Individuals**") who published defamatory statements ("**Defamatory Statements**") concerning Applicant on the online publishing platform provided by Medium Corp. See generally Declaration of Yusuke Tamura ("**Tamura Decl.**"). The defamatory statements were

published in articles posted on Medium, an online platform operated by Medium Corp., and in comments submitted in response to those articles. *Id.* Medium Corp. is a company located in this District. See Declaration of Naoki Takaishi ("**Takaishi Decl.**") ¶ 14.

On or about January 13, 2026, an anonymous Medium user operating under the account name "*Lina Franklin*" published an article titled "*The November 2024 Edit: OIST Knew About ROZ Forum Fabrication — And Said Nothing*" (the "**Article**"), which was later updated with an addendum on or about January 16, 2026. Tamura Decl. ¶ 6. Following publication of the Article, discussion on Medium intensified, and numerous comments were posted in response to a separate Medium article titled "*When Diversity Becomes a Stock Photo: How a Women-in-STEM Initiative Built Its Exhibition from Free Images*," which had originally been published on or about December 3, 2025 by an anonymous user using the same account name. *Id.* ¶ 7. Among those comments, four comments posted between December 25, 2025, and January 15, 2026, contain false and defamatory statements concerning Applicant. *Id.*

The article and the comments accuse Applicant of serious institutional misconduct and concealment relating to the ROZ Forum, including allegations that Applicant had "institutional knowledge" of alleged fabrications by November 2024, engaged in a sustained concealment effort, "silently edit[ed]" public statements to hide the truth, and attempted to silence individuals through threats or pressure. *Id.* ¶ 8. Applicant disputes these accusations, and the Defamatory Statements have caused significant reputational harm to Applicant, a publicly supported educational institution that depends on trust and research integrity. *Id.* ¶¶ 9-12.

Applicant is based in Japan and conducts its educational activities there. *Id.* ¶ 5. Based on the contents of the Defamatory Statements, it is reasonable to infer that the Anonymous Individuals may have been affiliated with or connected to OIST and that at least some of the Anonymous Individuals reside in Japan. *Id.* ¶ 13. Applicant intends to pursue civil actions in Japan against the individuals responsible for those statements. *Id.* ¶ 14; Takaishi Decl. ¶ 5. Under Japanese civil procedure, a complaint must identify each defendant by name and address. Takaishi Decl. ¶ 13. The discovery

sought in this application is therefore necessary to enable Applicant to identify the responsible individuals and initiate proceedings in Japan. *Id.*

Through this application, the Applicant respectfully requests that the Court authorize service of a narrowly tailored subpoena on Medium Corp. to obtain personally identifiable information sufficient to identify the Anonymous Individuals. This information is not publicly available and cannot be obtained through any discovery procedure in Japan. The Applicant seeks this information in good faith, solely for the purpose of pursuing a legitimate civil action, and not for any improper or retaliatory purpose.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1782, a district court may authorize discovery for use in a foreign proceeding upon satisfaction of three statutory prerequisites:

(1) The person or entity from whom discovery is sought resides or is found in the district;

(2) The discovery is for use in a proceeding before a foreign or international tribunal; and

(3) The application is made by a foreign or international tribunal, or by an "interested person."

See *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–49 (2004); *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004).

Satisfaction of these statutory criteria does not entitle the applicant to relief as of right. Rather, the Court retains broad discretion in determining whether to grant discovery under § 1782. *Intel*, 542 U.S. at 264. In exercising this discretion, courts are guided by four non-exclusive factors:

(1) Whether the person from whom discovery is sought is a party to the foreign proceeding;

(2) The nature and receptivity of the foreign tribunal to U.S. judicial assistance;

(3) Whether the application conceals an attempt to circumvent foreign evidence-gathering restrictions or policies; and

(4) Whether the discovery request is unduly intrusive or burdensome.

*Id.* at 264–65.

In evaluating these discretionary factors, courts are further guided by the twin aims of § 1782: (1) to provide efficient means of assistance to participants in international litigation, and (2) to encourage foreign countries to offer reciprocal assistance to U.S. courts. *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Germany*, 82 F.3d 590, 592 (4th Cir. 1996).

## III. ARGUMENT

### A. Statutory Considerations Weigh in Favor of Granting the Applicant's Application

Each of the three statutory requirements set forth in 28 U.S.C. § 1782(a) is met in this case.

The entity from which discovery is sought, Medium Corp., maintains its principal place of business in San Francisco, California, which is located within the Northern District of California. Takaishi Decl. ¶ 14. Accordingly, the first statutory requirement is met.

Although no action has yet been filed, Section 1782 does not require that a foreign proceeding be pending or imminent. It is sufficient that the proceeding is "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, the Applicant intends to file a civil lawsuit in Japan once the identities of the Anonymous Individuals are ascertained. Tamura Decl. ¶ 14; Takaishi Decl. ¶ 5. As such, the discovery is sought in reasonable anticipation of a foreign proceeding, satisfying the second requirement.

As the prospective plaintiff in the anticipated litigation in Japan, the Applicant is plainly an "interested person" within the meaning of the statute. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke § 1782.").

Because all three statutory requirements are satisfied, the Court has authority to grant the requested relief under § 1782. The analysis thus turns to the discretionary factors set forth in *Intel*.

**B. Discretionary Considerations Weigh in Favor of Granting the Applicant's Application**

In addition to satisfying the statutory requirements, all four discretionary factors identified by the Supreme Court in *Intel* support granting the requested discovery.

**1. The Discovery Target Is Not a Party to the Foreign Proceeding**

The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. This factor weighs in favor of discovery when the target is not subject to the jurisdiction of the foreign tribunal and thus would be inaccessible without U.S. court assistance. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010).

Here, Medium Corp. is not a party to the anticipated proceeding in Japan and is not subject to the jurisdiction of Japanese courts. Takaishi Decl. ¶ 15. Accordingly, discovery through § 1782 is necessary, and this factor favors granting the Application.

**2. Japanese Courts Are Receptive to U.S. Judicial Assistance**

The second factor considers "the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign court to U.S. judicial assistance." *Intel*, 542 U.S. at 264. Courts generally require "authoritative proof" that a foreign tribunal would reject evidence obtained through § 1782 before denying discovery on this basis. *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016); *see also Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019).

There is no evidence that Japanese courts would reject discovery obtained through this process. Takaishi Decl. ¶ 16. To the contrary, Japanese courts have accepted such evidence in prior matters involving similar factual circumstances. Courts in this District have likewise recognized Japan's receptivity. *See In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019); *In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021).

Thus, this factor strongly supports granting the requested discovery.

**3. The Application Does Not Circumvent Foreign or U.S. Policy**

The third factor examines whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Courts routinely grant § 1782 discovery when there is no indication of improper motive or intent to sidestep foreign procedures. *See In re Google Inc.*, No. 14-MC-80333-DMR, 2014 WL 7146994, at*3 (N.D. Cal. Dec. 15, 2014); *In re Eurasian Nat. Res. Corp., Ltd*., No. 18-MC-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Here, Applicant seeks discovery in good faith for use in a contemplated civil action in Japan. Takaishi Decl. ¶ 11. There is no evidence of bad faith or procedural manipulation. *Id.* This factor also weighs in favor of granting the Application.

**4. The Discovery Request Is Not Unduly Intrusive or Burdensome**

The fourth factor considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Courts look to whether the request is narrowly tailored and proportional to the needs of the foreign proceeding. *See In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

Applicant seeks only identifying information (such as names, addresses, emails, phone numbers, payment information, and limited access logs) for a defined period. This information is routinely maintained by Medium Corp. in the ordinary course of business and is directly relevant to the goal of identifying the wrongdoers. Takaishi Decl. ¶¶ 8-9.

Courts in this District have repeatedly granted similar requests. *See In re Frontier Co., Ltd.*, No. 19-MC-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4–5. Given the focused nature of the request, this factor favors granting the discovery.

## IV. CONCLUSION

For the foregoing reasons, all statutory requirements under 28 U.S.C. § 1782 are satisfied, and each of the discretionary *Intel* factors weighs in favor of granting the requested discovery. The

discovery sought is narrowly tailored, necessary to identify the Anonymous Individuals, and not unduly burdensome or intrusive. Moreover, there is no indication that Application is intended to circumvent any foreign or domestic policies, and the courts of Japan are receptive to assistance from U.S. federal courts.

WHEREFORE, Applicant respectfully requests that the Court issue an order, in the form submitted herewith, authorizing service of the subpoena attached to this Application pursuant to 28 U.S.C. § 1782.

DATED: March 16, 2026

Respectfully submitted,

Kaname Partners US, P.C.

By: *<u>/s/ Ryosuke Togi</u>*
Ryosuke Togi
Attorney for Okinawa Institute of Science and Technology